IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Northwestern Ohio Plumbers and Pipefitters Local 50 Employee Benefit, | : | Case No. 3:06 CV1395 |
| | : | |
| Plaintiff, | : | |
| vs. | : | |
| Helm & Associates, Incorporated, | | **MEMORANDUM DECISION** |
| | : | **AND ORDER** |
| Defendant. | | |

This breach of contract case was filed pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U. S. C. §§ 1001 *et seq.*, 1132 and 1145 and the Labor Management Relations Act (LMRA), 29 U. S. C. § 185 *et seq.* Following the issuance of a Memorandum Decision and Order granting Plaintiff's and Defendant's Motions for Summary Judgment in part, the parties filed Motions for Attorney Fees (Docket Nos. 40 & 42) and opposing memoranda (Docket Nos. 42, 43 & 44). For the reasons which follow, Plaintiff's request for attorney fees and costs is granted and Defendant's request for attorney fees and costs is denied.

### THE PARTIES

Plaintiff is a duly acting depository for the plans and trusts created and maintained pursuant to collective bargaining agreements (CBA), addenda to such agreements and trust agreements between United Association of Union Plumbers and Pipefitters Local 50 (Local No. 50) and Defendant (Docket No 1, ¶ 1).

Defendant, an Ohio corporation engaged as a mechanical contractor in the construction industry, is bound by CBAs with the Laborers International Union of North America, Local No. 500 (Laborers), Local No. 50 and the National Services and Maintenance Agreement for the United Association of Journeymen and Apprentices and Mechanical Service Contractors of America (National Services) (Docket No. 1, Exhibit A; Docket No. 1, ¶ 3 and Docket No. 22, Exhibit 6).

## FACTUAL BACKGROUND

Defendant was obligated to make contributions to all fringe benefit plans, funds or programs on behalf of all employees covered by CBAs with Laborers, Local No. 50 and National Services. Calculation of the amount of contributions was based, in part, on the employer's own reporting techniques. Plaintiff monitored the employer's compliance with these requirements through a random audit. In January 2005, Defendant audited Plaintiff's records for the period beginning January 1, 2003. Mr. Helminski submitted records of contributions paid on behalf of the participants in Local 50. In June 2005, Defendant was informed that the examination of payroll records revealed that contributions were properly made for the period of January 2003 through March 2005. In August 2005, Defendant was audited by Monroe, Michigan Plumbers & Pipefitters Local 671 Benefit Fund. Defendant complied with the request by submitting only records pertaining to anyone hired through the Local 671 hiring hall in 2004 (Docket No 22).

Defendant employed laborers to work on a City of Toledo construction project in 2005 (Docket No. 22, p. 2). On December 5, 2005, Plaintiff claimed jurisdiction over the project and filed a grievance against Defendant for hiring laborers to install piping on a filtration system (Docket No. 22, pp. 2-3). On January 27, 2006, the Labor Management Committee (LMC) found that (1) Defendant's assignment of work to the Laborers violated Local 50's jurisdiction and (2) Defendant was liable to pay damages to Local 50 for all hours worked on the project by Defendant's employees (Docket No. 22, p. 3). In January 2006, Plaintiff selected Defendant for audit of the period

2

commencing April 1, 2005 (Docket No. 1, ¶ 7). Defendant submitted to the auditor what it considered as the applicable records for years 2003, 2004 and 2005 (Docket No. 1, ¶ 9; Docket No. 22, p. 3). On May 22, 2006, the auditor requested the "remaining documentation" needed to complete a full audit (Docket No. 1, ¶ 10). On June 6, 2006, Plaintiff filed a Complaint in this Court alleging that Defendant had failed to provide the "remaining documentation" requested for completion of an audit (Docket No. 1, ¶ 10). In July 2006, the National Labor Relations Board (NLRB) issued a Decision and Determination of Dispute finding that Defendant properly assigned the disputed work to laborers rather than Local 50 members. As a result of this decision, LMC withdrew its decision and award published on January 27, 2006 (Docket No. 22, p. 5).

## PROCEDURAL BACKGROUND

Plaintiff filed this case seeking an order to compel Defendant to comply with its discovery requests made in May 2006 (Docket No. 1). The parties filed cross-Motions for Summary Judgment (Docket Nos. 21 & 22). The Magistrate ordered that Defendant comply with the terms of audit by providing the requested information (Docket Nos. 25 &26).

Defendant complied with the Court order and the auditor submitted an auditor's report (Docket No. 30). Defendant objected to the merits of the audit report (Docket No. 33). The parties resolved two of the three issues without court intervention (Docket No. 38). Thereafter, the parties agreed to the details of the audit results, the delinquencies resulting therefrom and the plan for payment (Docket No. 39). Pending are Motions for Attorney Fees filed by Plaintiff and Defendant (Docket Nos. 40 &42).

## ATTORNEY FEE AWARD STANDARDS

Title 29 U.S.C. § 1132(g) (1) confers broad discretion on a district court in making an award of attorneys' fees in an ERISA action. In any action under 29 U. S. C. § 1132 (g)(1) by a participant, beneficiary, or fiduciary, the court in its discretion **may** allow a reasonable attorney's fee and costs of action to either party. *Mikolajczyk*

*v. Broadspire Services, Incorporated*, 499 F. Supp.2d 958, 962 (N. D. Ohio 2007) (*citing* 29 U.S.C. § 1132(g)(1)). "Consequently, the decision of a district court to award attorney's fees under 29 U.S.C. § 1132(g)(1) will stand absent an abuse of discretion." *Id.* (*citing Schwartz v. Gregori,* 160 F.3d 1116, 1119 (6th Cir. 1998); *See also Tiemeyer v. Community Mutual Insurance Company,* 8 F.3d 1094, 1101-02 (6th Cir. 1993)).

In exercising its discretion, the Sixth Circuit utilizes the following five-factor test to assess whether the district court properly exercised its discretion in awarding attorney's fees: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Id*. (*citing Secretary of Department of Labor v. King,* 775 F.2d 666, 669 (6th Cir. 1985)). No single factor is determinative; thus, the court must consider each factor before exercising its discretion. *Id.* (*citing Secretary,* 775 F. 2d at 669; *See also Wells v. United States Steel,* 76 F.3d 731, 736 (6th Cir. 1996)).

Pursuant to Title 29 U.S.C. § 1132(g)(2), however, the award of reasonable attorneys fees is mandatory where a fiduciary has sued successfully to enforce an employer's obligation to make contributions to a multi-employer plan. *Foltice v. Guardsman Products, Incorporated*, 98 F.3d 933, 936 (6th Cir. 1998) *cert. denied*, 117 S. Ct. 1312 (1997). In any action under 29 U. S. C. § 1132 by a fiduciary for or on behalf of a plan to enforce Section 1145 in which a judgment in favor of the plan is awarded, the court **shall** award legal and equitable relief. 28 U. S. C. § 1132 (g) (2) (A)-(E) (Thomson Reuters/West 2008).

In ERISA actions, the "lodestar" approach is the proper method for determining the amount of reasonable attorneys' fees. *Ousley v. General Motors Retirement Program for Salaried Employees,* 496 F. Supp.2d 845, 849 -850 (S. D. Ohio 2006) (*citing Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview*

4

*Raceway,* 46 F.3d 1392, 1401 (6th Cir. 1995) (*citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 106 S. Ct. 3088, 3097 (1986)). In applying the lodestar approach, the court must multiply the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.* (*quoting Hensley v. Eckerhart,* 103 S. Ct. 1933, 1939 (1983)). There is a "strong presumption" that this lodestar figure represents a reasonable fee. *Id.* However, other considerations may lead the district court to adjust the fee upward or downward to exclude fee request hours that are excessive, redundant or otherwise unnecessary. *Hensley,* 103 S. Ct. at 1939-40.

## DISCUSSION

Plaintiff and Defendant filed Motions for Attorney fees. Plaintiff seeks an award of $13, 225.20. Defendant claims that the total amount of attorney fees paid to counsel through April 30, 2008 is $27,803.50 (Docket No. 44, Exhibit 1). Each party objects to an award of attorney fees to the other party.

**I.      PLAINTIFF'S REQUEST FOR AN AWARD OF ATTORNEY FEES AND COSTS**

In Plaintiff's Motion for Attorney Fees, counsel reminds the Court that the relief requested is mandatory. Defendant claims that Plaintiff is not entitled to attorney fees under 29 U. S. C. § 1132(g)(2) because this lawsuit was filed to compel the production of documents and that this Court did not render judgment in favor of the Local 50 Plan to enforce provisions of 29 U. S. C. § 1145.

### A.  Entitlement to Fees

ERISA's enforcement scheme, with respect to delinquent contribution claims, contains its own remedies. In any action to enforce Section 1145 in which judgment in favor of the plan is awarded the court shall award, *inter alia*, reasonable attorney fees and the costs of the action to be paid by the defendant. 29 U. S. C. § 1132(g)(2) (D) (Thomson Reuters/West 2008). The explicit language of Section 1132(g)(2) is mandatory. *Board of Trustees of Ohio Laborers' Fringe Benefits Program v. Carson*, 2007 WL 852129 *2 (S. D. Ohio 2007). If liability for delinquent contributions is determined, the district court must award damages delineated in 29 U. S.

C. § 1132(g) (2), including reasonable attorney fees. *Id*. (*citing Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers, Incorporated,* 933 F. 2d 376, 388 (6th Cir. 1991) *cert. denied,* 112 S. Ct. 585 (1991)).

In this case, Plaintiff requested that the Court order Defendant to comply with the audit and that the Court enter judgment for any deficiency resulting from the audit. The court did not enter a judgment for the relief requested. Instead, the parties entered into a consent judgment, stipulating that Defendant had complied with the auditor and a deficiency resulted. Defendant filed a notice of payment which the Court adopted as a resolution of the audit. Even though the deficiency and liquidated damages were only $848, Defendant was liable for delinquent contributions. Once liability for unpaid contributions was determined, Plaintiff was entitled to recover the unpaid contributions, interest on those contributions, an amount equal to the greater of the interest on the unpaid contributions or liquidated damages and attorney fees. Because of the mandatory statutory language, this Court is required to award Plaintiff reasonable attorney fees and costs.

### B.  Hourly Rates for Counsel

Plaintiff seeks compensation at a rate of $150 per hour for Joseph J. Allotta and $130 to $155 per hour for William D. Brady. In assessing the appropriate hourly rate, the court must consider the prevailing market rates in the relevant community for similar services by attorneys with comparable skill, experience and reputation. *See Disabled Patriots of America, Incorporated v. Taylor Inn Enterprises, Inc*. 424 F. Supp.2d 962, 966 (E. D. Mich. 2006) (*citing Fuhr v. School Dist. of Hazel Park, supra*, 364 F.3d at 762). Proof of prevailing market rates may be demonstrated in a number of ways, including: (1) affidavits of other attorneys or experts; (2) citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases; (3) references to fee award studies showing reasonable rates charged or awarded in the relevant community; (4) testimony of experts or of other attorneys in the relevant community; (5) discovery rates charged by the opposition party; and (6) reliance on the court's own expertise to recognize applicable prevailing rates.

*Parker v. Secretary of Department of Health and Human Services,* 1992 WL 191102, *1 (Cl. Ct. 1992). (*citing* NEWBERG, ATTORNEY FEE AWARDS 198 (1986)).

Plaintiff failed to submit affidavits or testimony of the prevailing rates in this community; however, the Magistrate relies upon previous cases showing applicable prevailing rates. Attorney Christopher Parker attested in *Cox v. Sandusky City Schools,* Case No. 3:00 CV 7657 (N.D. Ohio 2000), that lead counsel in the Toledo area with specialties in employment law billed at $200 per hour (Docket No. 136, Exhibits B, C, D, & E). Attorney William Connelly attested that the rates for attorneys in the local economy with at least twenty-six years of experience and specialized practices of law, were entitled to fees in the range of $175 to $250 per hour. *See Hess v. City of Toledo,* 139 Ohio App. 3d 581, 585, 744 N. E. 2d 1236, 1238 (2000). In *Sandusky v. Blackwell*, 361 F. Supp. 2d 688 (2005), Chief Judge James G. Carr approved an hourly rate of $335 because the case presented novel and difficult questions. *Id.* at 697.

This case presents routine issues regularly litigated in compelling participation by the employer in ERISA cases. There are no novel or difficult issues presented to the Court. Thus, a $150 per hour charge by lead counsel, Joseph Allotta, is reasonable based upon the Court's knowledge of his years of experience, his areas of practice and the standards established in *Cox, Hess* and *Sandusky*.

Likewise, Defendant has presented no evidence to persuade the Court that a fee of $130 is unreasonable for an attorney with ten or fewer years of experience. The Magistrate finds that rates of $150 and $130, respectively, are reasonable hourly rates for Joseph J. Allotta and William D. Brady, II, in the Toledo, Ohio, market.

### C. Hourly Rates for Legal Assistant

Plaintiff seeks an award of $70 to $75 per hour for services provided by a legal assistant.

A paralegal or legal assistant's time falls within the rubric of attorney fees for purposes of fee shifting

statutes. *Baseball at Trotwood, LLC v. Dayton Professional Baseball Club, LLC,* 493 F. Supp.2d 972, 987 (S. D. Ohio 2005). In any action in which attorneys' fees are to be determined or awarded by the court, the court shall consider, among other things, time and labor of any legal assistants who contributed nonclerical, meaningful legal support to the matter involved and who are working under the supervision of an attorney. *Id.* This Court determined in *Disabled Patriots of America v. Cedar Fair, L.P.,* 2008 WL 408695 *3 (N. D. Ohio 2008) that $75 per hour is a reasonable compensation for a paralegal in Toledo, Ohio.

The Magistrate is persuaded that based on the knowledge of the market rates in the Toledo, Ohio community, the hourly rate of up to $75 per hour is appropriate.

### D.  Clerical Tasks

Plaintiff seeks an award of $45 per hour for the performance of tasks that are clerical in nature.

An attorney fee award includes reasonable out-of-pocket expenses incurred by attorneys and normally charged to their clients. *United States ex rel. LeFan v. General Electric Company,* 2008 WL 152091, * 6 (W. D. Ky. 2008) (*citing Le Blanc-Sternberg v. Fletcher,* 143 F.3d 748, 763 (2nd Cir. Cir. 1998)). Clerical and secretarial tasks, by whomever performed, are considered overhead and customarily included in the attorney's hourly fee. *Id.*

The Magistrate does not include the charges of $45 per hour in the calculation of the award for attorney fees. Such fees represent clerical tasks performed during the course of representation. Consequently, the sum of $303.75 has been subtracted from the amount claimed for delivering client services (Docket No. 40, Exhibit 2).

### E.  Attorney Hours to Be Compensated

Plaintiff presents a detailed examination of hours for which compensation is sought. On October 23, 2006, Mr. Brady attended a Case Management Conference at this Court. Mr. Allotta requested compensation of $225 for also participating in the same conference. The Magistrate finds that the hours are duplicative. Mr. Allotta's

fee of $225 is disallowed and Plaintiff's request for fees is reduced by $225. All other entries are legitimate requests directed at providing services to the fiduciary. The total of all entries offset by $225, is $11,191.50.

### F. Costs for Litigation Expenses

Plaintiff seeks an award of actual expenses incurred in filing this action with the Court.

ERISA clearly provides in any action under Section 1132, the court may allow the costs of action to either party. 29 U. S. C. § 1132(G)(1) (Thomson Reuters/West 2008). A judge or clerk of any court of the United States may tax as costs, fees and disbursements for printing, fees for exemplification and copies of papers necessarily obtained for use in the case and docket fees. 28 U.S.C. § 1920 (3), (4), and (5) (Thomson Reuters/West 2008).

In this case, Plaintiff expended $510.58 in costs of filing the case, copying and mailing documents. Plaintiff is entitled to recover the amount requested in its entirety.

### G. Total Award of Attorney Fees and Costs

Plaintiff has shown entitlement to an award of attorney fees and costs equaling $11,702.08. Accordingly, Plaintiff's Motion for Attorney Fees is granted.

### II. DEFENDANT'S REQUEST FOR AN AWARD OF ATTORNEY FEES AND COSTS

Notwithstanding Defendant's argument that Plaintiff is not entitled to an award of attorney fees, Defendant seeks an award of attorney fees, pursuant to 29 U. S. C. § 1132(g)(1), for the reasons that the filing of this claim was futile. This Court found that Plaintiff was entitled to documents already produced to the plan. Further, Defendant argues that all of the legal fees incurred by both parties are due entirely to Plaintiff's actions, not Defendant's actions. Defendant promptly paid the final amount and this Court never had to determine if a underpayment existed or rule on Defendant's failure to pay a demand for delinquent contributions.

Plaintiff argues that Defendant does not meet the statutory exceptions for an award of fees under 29 U. S. C. § 1132(g)(1). Most notably, Defendant is not a participant, beneficiary or fiduciary under the plan.

Section 1132(g)(1) confers broad discretion in the district court to make an award of attorney fees in an ERISA action. In any action by a participant, beneficiary or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of the action to **either** party. 28 U. S. C. § 1132(g)(1) (Thomson Reuters/West 2008). In exercising her discretion, the Magistrate will consider the *King* factors, specifically, the degree of the opposing party's culpability or bad faith; the opposing party's ability to satisfy an award of attorney's fees; the deterrent effect of an award on other persons under similar circumstances; whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA, and the relative merits of the parties' positions.

### A.  Degree of Culpability or Bad Faith

In its Reply Memorandum, Defendant suggests that the audit was not conducted at random. Defendant contends that the selective audit was motivated by the National Labor Relations Board's (NLRB) decision and determination in Defendant's favor. Defendant argues further that the audit results confirmed that Defendant's contributions were not delinquent at the time the action was filed and that Plaintiff prematurely filed this action since through the normal course of business, the minimal deficiency would have been discovered.

Even if the audit were conducted in retaliation for a "win" with the NLRB, Plaintiff has not presented evidence of a degree of culpability approaching bad faith. The decision to seek an order compelling discovery was not erroneous or arbitrary, particularly since the results of the audit resulted in a legitimate deficiency. Plaintiff had a duty as fiduciary to enforce the terms of the CBA and recover any deficiency. Defendant's failure to demonstrate the existence of bad faith or culpability weighs against making an award to it of attorney fees.

### B.  Opposing Party's Ability to Satisfy Attorney Fees

Defendant failed to present evidence of Plaintiff's net worth. The Magistrate is without sufficient evidence to determine if Plaintiff could satisfy the request for attorney fees. This factor neither supports Defendant's case

nor is it case dispositive.

### C. Deterrent Effect on Others Under Similar Circumstances

This factor is significant if the opposing party is highly culpable. *Mikolajczyk*, *supra*, 499 F. Supp. 2d at 963. Facially, Plaintiff's act were not culpable. There is no evidence to the contrary. A deterrent effect cannot be gained by dictating circumstances under which a fiduciary may seek judicial intervention to secure member benefits. This factor does not weigh in favor of granting Defendant's motion.

### D. Common Benefit

In order to satisfy this factor, Plaintiff must confer a common benefit to all participants of an ERISA plan or resolve significant legal questions regarding ERISA. *Id.* (*citing Marchant v. Faurecia Exhaust Systems*, 411 F. Supp. 2d 834, 837 (S. D. Ohio 2005)). In this case, Plaintiff did not seek to confer a common benefit on all plan participants. This case conferred a benefit to select employees who were on the payroll during the designated time period of April 1, 2005. No significant legal issues have been resolved for the common benefit of other beneficiaries or participants under the results of this case.

### E. Relative Merits of the Parties' Positions

The final factor to consider is the relative merits of the parties' positions. The party seeking attorney's fees in an ERISA action will always be the prevailing party. *Mikolajczyk, supra*, 499 F. Sup. 2d at 964. This fact alone does not warrant an award of attorney's fees. *Id.* In *McDonald v. Western-Southern Life Insurance Company*; Plaintiff prevailed on Count I, while Defendant prevailed on both Count II (breach of fiduciary duty) and Count III (interference with protected rights). 2002 WL 484623, 2002 U.S. Dist. LEXIS 26724 (S. D. Ohio 2002). *Id.* The court held that, "[u]nder these circumstances, the relative merits of the parties' positions weighs neither for nor against an award of attorney's fees." *Id.* at 2002 WL 484623, *4, 2002 U.S. Dist. LEXIS 26724, *12.

Here, Plaintiff and Defendant were awarded partial summary judgment. As in *McDonald*, neither party's

relative merits on the case outweigh the other.  Such finding does not weigh in favor of granting Defendant's Motion for Attorney Fees**.**

### F.  Award of Attorney Fees

Overall, the five factors do not weigh in favor of finding that Defendant is entitled to an award of attorney fees.  Defendant's Motion for Attorney Fees is denied.

### CONCLUSION

Plaintiff's Motion for Attorney Fees and Costs is Granted and judgment is entered against Defendant for attorney fees and costs equaling $11,702.08.  Defendant's Motion for Attorney Fees is Denied.

**IT IS SO ORDERED**.

/s/ Vernelis K. Armstrong
United States Magistrate Judge

Date:   09/12/08